1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,                    1:07-cr-0069-AWI

                  Plaintiff,          **ORDER DISMISSING DEFENDANT'S**
                        **MOTION TO VACATE, SET ASIDE,**
    v.                                         **OR CORRECT SENTENCE**
                        **PURSUANT TO 28 U.S.C §2255**

JOSE ANGEL SANCHEZ,

                Defendant.          (Doc. #36)

_____/

## I. Introduction

This matter arises from the criminal conviction of Defendant Jose Angel Sanchez. Defendant brings the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Defendant pled guilty to felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See* Docs. 15, 32. Although Defendant provides little argument, it appears that he contends that his conviction should be vacated because he never personally possessed a firearm. For the following reasons, Defendant's motion to vacate will be dismissed.

## II. Legal Standard

Section 2255 allows a prisoner in federal custody to move the sentencing court to vacate, set aside or correct the sentence if he claims the right to be released upon any of the following four grounds: 1) the sentence was imposed in violation of the Constitution or laws of the United States; 2) that the court was without jurisdiction to impose such sentence; 3) that the sentence

was in excess of the maximum authorized by law; or 4) is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

Under Rule 4(b) of the Rules Governing Section 2255 proceedings, the court must initially screen a Section 2255 motion, and dismiss it summarily if it plainly appears that the moving party is not entitled to relief. See U.S. v. Quan, 789 F.2d 711, 715 (9th Cir.1986). "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal." 28 U.S.C. § 2255 Proc. R. 4(b). The court shall serve notice of the motion upon the U.S. Attorney and grant a hearing on the motion unless the motion and the record of the case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

"The facts in a habeas petition need not be so detailed as to establish prima facie entitlement to habeas relief; they are sufficient if they suggest the real possibility that constitutional error has been committed." Calderon v. United States Dist. Court, 98 F.3d 1102, 1109 (9th Cir. 1996). A defendant "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." Id. The court must "construe pro se habeas filing liberally." Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir.2003).

### III. Discussion

A. Timeliness

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations to file a petition to vacate, set aside, or correct a sentence. This period runs from: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of [federal law] is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts

supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f).

In order to determine if the petition is timely, the court must first determine which of the possible starting times for the running of the statute of limitations applies.  In this case, Defendant alleges no government-created impediment to bringing a section 2255, therefore no discussion is necessary as to the second of the possible starting points.  The third starting point specified by section 2255 is not applicable because Defenant does not assert a newly recognized right that has been made retroactive to cases on collateral review.  Likewise, there is no claim of facts supporting the 2255 Motion that could not have been discovered through due diligence, therefore the fourth of the possible starting or triggering events does not apply.

The court, having excluded all other possible starting points, concludes the first of the possible starting points for the running of the statute of limitations applies. Thus, the one-year statute of limitations on Defendant's right to file a motion for habeas review pursuant to section 2255 began to run on the date that the judgement became final.  Where, as here, there was no appeal, the judgment is final the day following the last day on which notice of appeal to the Ninth Circuit could have been filed.  *See United States v. Colvin*, 204 F.3d 1221, 1224 (9th Cir.2000) ("A judgment cannot be considered final as long as a defendant may appeal either the conviction or sentence.")  In a criminal case, a notice of appeal must be filed within 10 court days of the district court's entry of judgment.  See Fed. R.App. Proc. 4(b)(1)(A) and Fed. R.App. Proc. 26(a).

Judgement against Defendant was entered on November 4, 2008.  Therefore Defendant's judgment became final at the latest on November 15, 2008, and the one-year statute of limitations imposed by section 2255 began to run on that date absent some fact justifying a different starting date.  Simply put, Petitioner's 2255 motion was filed slightly less than a full seven years after the one-year statute of limitations had run.  Petitioner's 2255 motion is therefore time barred. Accordingly, Petitioner's motion to vacate, set aside, or correct sentence will be DISMISSED.

B. Waiver

Even assuming Defendant's motion were timely, he has waived his right to § 2255 relief. Generally, an express waiver of a statutory right, including Section 2255 petitions, bars the defendant from moving the sentencing court to vacate, set aside, or correct the sentence. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993); *see also Washington v. Lampert*, 422 F.3d 864, 870 (9th Cir. 2005). "A defendant's waiver of his appellate rights is enforceable if the language of the waiver encompasses his right to appeal on the grounds raised, and if the waiver was knowingly and voluntarily made." *United States v. Watson*, 582 F.3d 974, 986 (9th Cir. 2009).

Here, in the plea agreement, Petitioner waived his right to appeal and expressly waived his right contest his sentence under Section 2255. Petitioner agreed that the waiver of those rights was knowing and voluntary. Doc. 15 at 7. Petitioner does not now assert that the waiver was involuntary or that he did not understand the waiver. The express language in the plea agreement indicates Petitioner's voluntary waiver of his right to file a Section 2255 motion. Since the language of the waiver explicitly precludes filing a Section 2255 motion, and that waiver was knowingly and voluntarily made, the waiver is enforceable, and his motion is barred by that waiver.

C. Actual Innocence

Although not clearly pled, Defendant's claim that he never actually possessed a weapon could be construed as an actual innocence claim. The United States Supreme Court recently recognized – in the context of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 – that "[t]he [Supreme] Court has not resolved whether a prisoner may be entitled to habeas relief on a freestanding actual-innocence claim." *McQuiggin v. Perkins*, --- U.S. ----, 133 S. Ct. 1924, 1931 (2013) (citing *Herrera v. Collins*, 506 U.S. 390-404-405 (1993) ("'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits")). In this Circuit we

have not only assumed that freestanding innocence claims are possible but also have articulated a minimum standard: "a habeas petitioner asserting a freestanding innocence claim must go beyond demonstrating doubt about his guilt, and must affirmatively prove that he is probably innocent." *Osborne v. District Attorney's Office for Third Judicial Dist.*, 521 F.3d 1118, 1130-1131 (9th Cir. 2008); *Carriger v. Steward*, 132 F.3d 463, 476 (9th Cir. 1997) (en banc).

In resolving Petitioner's claim, this Court will not decide the open questions surrounding freestanding actual innocence claims. Rather, it will assume, arguendo, that such claims are cognizable in the non-capital federal habeas context and will apply the standard set forth in *Carriger*.

Rather than submit evidence that conclusively shows his innocence, Defendant submitted transcripts from his sentencing before the state superior court that tended to indicate that he was sentenced for being armed – rather than personally armed – with a firearm during the commission of a felony, namely voluntary manslaugher. Defendant's sentence in the state court matter was not based on a verdict; it was a result of a guilty plea. Doc. 36 at 6. Even assuming that Defendant did not possess a firearm – within the meaning of § 922(g)(1) – during the crime leading to the state court conviction, the conviction in the present matter would not fall into question. The factual basis articulated in Defendant's plea agreement in the instant matter indicated that Defendant was discovered by law enforcement with the firearm in his vehicle and indicated that it was his. Doc. 15 at 10. That factual basis is wholly independent from the factual basis underlying the Defendant's state court conviction. Defendant has fallen well short of proving that he is "probably innocent." *Carriger*, 132 F.3d at 476.

D. Certificate of Appealability

Absent a certificate of appealability ("COA") from the circuit court or the district court, "an appeal may not be taken from a final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255." *Chafin v. Chafin,* —— U.S. ——, 133 S.Ct. 1017, 2013 WL 598436, *2 (2013) (Ginsburg, J., concurring, joined by Scalia & Breyer, JJ.). "The district court must issue or deny a certificate of appealability when it enters a final order

adverse to the applicant." Rule 11(a) of Rules Governing § 2254 Cases. A COA may issue only if "'the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right…'" *In re Marciano,* 708 F.3d 1123, 2013 WL 703157, * 10 (9th Cir. 2013) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

In this action, the Court finds that reasonable jurists would not disagree that the one-year statute of limitations bars Petitioner's motion to vacate, set aside, or correct sentence. Petitioner brings this motion nearly seven years after finality attached to his conviction. Similarly, reasonable jurists would not disagree that Defendant waived his right to challenge his conviction by way of § 2255 motion or that Defendant falls well short of stating a claim for actual innocence.

### IV. Order

Based on the foregoing, IT IS HEREBY ORDERED that petitioner's motion to vacate, set aside, or correct sentence is DISMISSED. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   December 23, 2015          _____

                                             SENIOR DISTRICT JUDGE

6