# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANGEL SANCHEZ,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CASE NO. 1:07-CR-0069 AWI<br>                 1:17-CV-0523 AWI<br><br>ORDER ON MOTION TO VACATE,<br>SET ASIDE OR CORRECT SENTENCE<br><br>(Crim. Doc. No. 38) |

Currently before the Court is Petitioner's motion for relief from sentence under 28 U.S.C. § 2255. See Doc. No. 38. Petitioner requests that his 27 month sentenced be vacated out of compassion. Specifically, Petitioner states that his mother is elderly and facing physical challenges that could radically limit her life. Further, Petitioner states that justice is not served by having him serve two more years, after having already served a decade, on an unrelated state crime. For the reasons that follow, the motion will be denied.

*Background*

On November 4, 2008, judgment and commitment was entered. See Doc. No. 32. Petitioner was sentenced to 27 months in prison, to run consecutively to a state court sentence, and 36 months of supervised release. See id.

On November 9, 2015, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255. See Doc. No. 36.

On December 24, 2015, the § 2255 petition was dismissed because it was not filed within the time limitations set by 28 U.S.C. § 2255(f). See Doc. No. 37. The order also noted that Petitioner waived his right to contest his sentence under § 2255 as part of a plea bargain. See id.

*Legal Standard*

"A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). That section reads:

> A second or successive motion must be certified as provided in section 2244 [28 USC § 2244] by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). If § 2255(h) applies, but a petitioner has not received certification from the appropriate court of appeals to file a successive § 2255 petition, then the district court is without jurisdiction. See Washington, 653 F.3d at 1065.

*Discussion*

In this case, Petitioner expressly seeks relief under § 2255. As discussed above, and as candidly acknowledged by Petitioner, he has already file a previous § 2255 petition, which was denied. Although it is possible to file a successive § 2255 petition, the Petitioner is required to obtain a certification from the Ninth Circuit Court of Appeals in order to file a successive petition. See 28 U.S.C. § 2255(h). Petitioner did not obtain the necessary certification. As a result, this Court is without jurisdiction and must dismiss this petition. See Washington, 653 F.3d at 1065.

ORDER

Accordingly, IT IS HEREBY ORDERED that This petition (Doc. No. 38) is DISMISSED for lack of jurisdiction, and this case remains CLOSED.

IT IS SO ORDERED.

Dated:  April 17, 2017

_____
SENIOR DISTRICT JUDGE